Macey & Aleman, P.C.
Carlene M. Simmons
101 N. First Ave., Suite 2430
Phoenix, AZ 85003
Tel: 1.866.339.1156
Fax: 1.312.822.1064
cms@legalhelpers.com
*Attorney for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF ARIZONA**
**TUCSON DIVISION**

| | |
|---|---|
| Ron Kmak<br>9617 E. Pasayo<br>Tucson, AZ 85747<br><br>    Plaintiff,<br><br>v.<br><br>Zwicker and Associates, PC<br>c/o CT Corporation System, Registered Agent<br>2394 Camelback Rd<br>Phoenix, AZ 85016<br><br>    Defendant. | Case No.<br><br>Judge:<br><br><br>**COMPLAINT FOR DAMAGES UNDER THE FAIR DEBT COLLECTION PRACTICES ACT, INVASION OF PRIVACY AND OTHER EQUITABLE RELIEF**<br><br><br>**JURY DEMAND ENDORSED HEREIN** |

**JURISDICTION AND VENUE**

1. Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §1692.  Venue is proper in this district because this is the judicial district where all of the events giving rise to the cause of action took place.

**FACTS COMMON TO ALL COUNTS**

2. The Plaintiff is a person who incurred a consumer debt primarily for personal, family or household purposes.

3. Defendant is a corporation doing business primarily as a consumer debt collector.

4. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

5. The Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6. The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

7. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

8. Plaintiff filed this claim within the timeframe permitted under the FDCPA.

9. In or around April 2008, Defendant telephoned Plaintiff at work.

10. During this communication, Plaintiff notified Defendant that Plaintiff was not allowed to receive Defendant's telephone calls at his place of employment and/or that it was inconvenient for Plaintiff to receive Defendant's telephone calls at Plaintiff's place of employment.

11. Despite having notice, Defendant telephoned Plaintiff's place of employment several times throughout May, June and July 2008.

12. During these communications, Plaintiff repeatedly notified Defendant that Plaintiff was not allowed to receive Defendant's telephone calls at his place of employment and/or that it was inconvenient for Plaintiff to receive Defendant's telephone calls at Plaintiff's place of employment.

13. During several of these communications, Defendant was abusive, oppressive, and/or threatening towards Plaintiff.

14. During several of these communications, Defendant represented to Plaintiff that Defendant would take legal action against Plaintiff, garnish Plaintiff's wages, and/or place a lien of Plaintiff's property.

15. As a result of Defendant's communications, Plaintiff's employer placed Plaintiff under investigation, and in jeopardy of being terminated.

16. As a result of Defendant's actions, Plaintiff and his wife sought and received medical treatment.

17. Defendant damaged Plaintiff emotionally and mentally and caused Plaintiff substantial anxiety and stress.

18. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collection Practices Act

19. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

20. The Defendant violated 15 U.S.C. §1692c by calling Plaintiff at work after it was informed that Plaintiff did not want to receive or was not permitted to receive Defendant's calls at work.

## COUNT TWO

### Violation of the Fair Debt Collection Practices Act

21. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

22. The Defendant violated 15 U.S.C. §1692d in that defendant used obscene and/or abusive language during its communications in furtherance of debt collection.

## COUNT THREE

### Violation of the Fair Debt Collection Practices Act

23. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

24. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party and failed to comply with 15 U.S.C. §1692b.

## COUNT FOUR

### Violation of the Fair Debt Collection Practices Act

25. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

26. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

## COUNT FIVE

### Violation of the Fair Debt Collection Practices Act

27. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

28. The Defendant violated 15 U.S.C. §1692e by making misrepresentations during its conversations with Plaintiff.

## JURY DEMAND

29. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

30. Plaintiff prays for the following relief:

    a. Judgment against Defendant for actual damages, statutory damages pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees pursuant to 15 U.S.C. §1692k.

    b. Judgment, in an amount to be determined at trial, against Defendant for the Invasion of Privacy by Intrusion upon Seclusion.

    c.  For such other legal and/or equitable relief as the Court deems appropriate.

>RESPECTFULLY SUBMITTED,
>
>Macey & Aleman, P.C.
>
>By: */s/ Carlene M. Simmons*
>Carlene M. Simmons
>101 N. First Ave., Suite 2430
>Phoenix, AZ 85003
>Tel: 1.866.339.1156
>Fax: 1.312.822.1064
>cms@legalhelpers.com
>*Attorney for Plaintiff*